## Case No. 16,771.

### UNITED STATES v. WRIGHT.

[1Cranch, C. C. 123.] [1]

Circuit Court, District of Columbia. June Term, 1803.

#### COURTS—JURISDICTION.

A slave in Alexandria may be tried in this court for larceny.

Indictment [against Betty Wright, a slave] under the statute for stealing goods. Some question arose how she should be tried. Under the law of Virginia, she would have been tried by five justices of the county court, without a jury. Upon consideration of a former precedent in this court, she was tried by a jury in the usual form.

Verdict, guilty. Judgment, 20 lashes, 1 cent fine.

## Case No. 16,772.

### UNITED STATES v. WRIGHT.

[2 Cranch, C. C. 68.] [1]

Circuit Court, District of Columbia. Dec. Term, 1812.

#### FORGERY—BANK-NOTES.

Possession of forged bank-notes, with intent to utter them as true, is not an indictable offence.

Indictment [against Walter Wright] for knowingly having in his possession forged bank-notes with intent to utter them as true.

Mr. Wallach and Mr. Law, for defendant, moved the court to quash the indictment; because: 1. It is only an intent to commit a crime, which intent is not indictable. Rex v. Higgins, 2 East, 5; 4 Bl. Comm. 21; St. 41 Geo. III. c. 39; East, P. C. 881. 2. It does not charge an unlawful intent to injure any person. Nothing can be inferred. At common law it is no crime simply to make a false bank-note unless some person be injured. 1 Hawk. P. C. c. 70, § 11; Rex v. Wheatly, 2 Burrows, 1127; Rex v. Munoz, 2 Strange, 1127. 3. It does not set forth the notes in hæc verba. Mason's Case, East, P. C. 975; Com. v. Morse, 2 Mass. 138.

Mr. Jones, contra. An inchoate act towards the consummation of a crime is indictable. Rex v. Higgins, 2 East, 5. There is a form of such an indictment in C. Cir. Comp. p. 286, for having counterfeit money in his possession with intent to utter it. This court in the case of U. S. v. Williams [Case No. 16.709], decided that in an indictment for forgery, it is not necessary to set forth the forged instrument in hæc verba.

THE COURT having some doubt, refused to quash the indictment; but after verdict, arrested the judgment.

[1 [Reported by Hon. William Cranch, Chief Judge.]